UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JONATHAN ZARKOWER, an individual on behalf of himself and all others similarly situated,

          Plaintiff,

  -against-

CITY OF NEW YORK, PETER FORTUNE, Individually, SALVATORE DIMAGGIO, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

          Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

  Plaintiff JONATHAN ZARKOWER, on behalf of himself and all others similarly situated, by his attorneys, Brett H. Klein, Esq., PLLC, brings this class action complaining of the defendants.

  The allegations in this complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**Preliminary Statement**

  1.  This is a class action lawsuit seeking remedies for the unconstitutional practices of the City of New York, as carried out by the NYPD 114th Police Precinct, and of the New York City Police Department generally, for subjecting plaintiff, and others similarly situated to him, to excessive detentions, pursuant to a policy which was, upon information and belief, promulgated

by Inspector Peter Fortune and/or other supervisory John and Jane Doe defendants, and was carried out by Salvatorre DiMaggio, and other John and Jane Doe defendant officers and detectives from, without limitation, the 114th Police Precinct, and which resulted in plaintiff and others similarly situated being issued desk appearance tickets (hereinafter referred to as a "DAT") and cleared for release, but who were then further held, without justification, for the sole purpose of questioning by precinct detectives regarding generalized criminal activity unrelated to their underlying arrests.

2. Plaintiff, Jonathan Zarkower, is among one of numerous individuals who comprise the class of individuals who were excessively detained pursuant to this policy, hereinafter referred to as the "debriefing policy."

3. Plaintiff brings this class action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, and the civil rights of those similarly situated to him, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

8. Plaintiff JONATHAN ZARKOWER is a thirty-seven-year-old man residing in Queens, New York.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants PETER FORTUNE, SALVATORE DIMAGGIO and JOHN and JANE DOE 1 through 50, were duly sworn police officers, detectives, and supervisors, of said department and were acting under the supervision of the NYPD and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14. On November 11, 2016, at approximately 2:41 a.m., plaintiff was randomly stopped at a check point located at the intersection of 30th Avenue and Steinway Street, Queens, New

York.

15.  Unbeknownst to plaintiff, his license had been suspended due to an unpaid fine.

16.  As a result, plaintiff was arrested and transported to the 114th Police Precinct for processing.

17.  Defendant SALVATORE DIMAGGIO processed plaintiff's arrest.

18.  Defendant DIMAGGIO completed plaintiff's arrest processing, including clearing plaintiff for release via the issuance of a DAT to plaintiff, which plaintiff signed and received at 4:38 a.m., on November 11, 2016.

19.  Despite the fact that defendant DIMAGGIO cleared plaintiff for release at 4:38 a.m. by physically issuing plaintiff a DAT, which plaintiff signed and accepted, defendants continued to imprison plaintiff in a cell at the 114th Police Precinct until approximately 9:45 a.m. on November 11, 2016.

20.  DIMAGGIO informed plaintiff he was being held for the sole purpose of being questioned by a detective who came on duty in the morning.

21.  DIMAGGIO informed plaintiff that this was the standard practice of the precinct, pursuant to a policy, which was, upon information and belief, promulgated by defendant Inspector FORTUNE and/or other as yet unidentified supervisory defendants, JOHN and JANE DOE 1 through 5, and enforced by defendants JOHN and JANE DOE 6 through 50, who are officers and detectives of the 114th Police Precinct.

22.  Pursuant to this unconstitutional policy, plaintiff remained imprisoned in his cell from approximately 4:38 a.m. until approximately 9:30 a.m., when he was taken out of his cell to meet with a 114th Police Precinct detective, JOHN DOE 6, who pressed plaintiff for approximately five minutes regarding, in sum and substance, whether he knew about crimes in the neighborhood,

such as break-ins and assaults, and whether plaintiff had guns in his home. Plaintiff repeatedly informed the detective he possessed no such information.

23. Plaintiff was thereafter released at approximately 9:45 a.m., on November 11, 2016.

24. The continued detention of plaintiff, after defendant DIMAGGIO had issued plaintiff process entitling him to release, for the sole purpose of debriefing plaintiff on matters unrelated to his underlying arrest, caused plaintiff's detention to be unreasonably delayed and resulted in plaintiff being excessively detained, and deprived plaintiff of his liberty without due process.

## PLAINTIFFS CLASS ALLEGATIONS

25. With respect to his claims for damages, plaintiff brings this action on his own behalf and, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(3), on the behalf of:

> all persons who have been arrested, formally issued DATs, and thereafter further imprisoned for the sole purpose of general debriefing by detectives pursuant to the debriefing policy.

26. Plaintiff brings his claims against defendants FORTUNE, DMAGGIO, and, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(3), all NYPD officers, detectives, and supervisors who promulgated or participated in the debriefing policy.

27. Upon information and belief, plaintiff was one of a number of individuals arrested at the check point on November 11, 2016, who were similarly cleared for release via the issuance of a DAT, but who were thereafter similarly further unjustifiably imprisoned and excessively detained for the sole purpose of debriefing pursuant to the debriefing policy.

28. Upon information and belief, in addition to those excessively detained along with plaintiff on November 11, 2016 pursuant to the debriefing policy, many other individuals have been similarly excessively detained pursuant to the unconstitutional debriefing policy, which

according to defendant DIMAGGIO was an ongoing policy at the time of plaintiff's arrest and which has, upon information and belief, continued thereafter, sufficient to form a class of plaintiffs and defendants so numerous that joinder of all members would be impracticable.

29. All plaintiffs' class members were detained in the City of New York's custody and many are likely economically disadvantaged, making individual lawsuits impracticable. Moreover, judicial economy weighs in favor of avoiding multiple actions challenging and defending the same policy and practice, particularly because individual suits could lead to potentially inconsistent results.

30. The plaintiffs and defendants' class members are identifiable using records maintained by the New York City Police Department in the ordinary course of business.

31. The plaintiffs' class of individuals who were so unlawfully detained, and defendants' class of individuals who caused said unlawful detention, all share the same common questions of law and fact, which predominate over any questions solely affecting individual members thereof, and include the following:

(A) whether the debriefing practice as described constitutes an unreasonable delay under the Fourth Amendment;

(B) whether the debriefing practice as described herein violates due process protections of the Fourteenth Amendment;

(C) whether continued confinement of individuals who have been issued DATs for the sole purpose of questioning on matters unrelated to their arrests constitutes an unreasonable delay.

32. Plaintiff's claims are typical of those of all class members herein, as his claims arise from the same policy, and plaintiff's claims are based on the same legal theories as those of all

class members herein. The cause of plaintiff's injuries is the same as the cause of the injuries suffered by the class generally, namely being subjected to the debriefing policy.

33. Maintaining this action as a class action is superior to other available methods because individual damages claims are not feasible.

34. Plaintiff's claims herein are typical of the class as a whole, who were all denied their Fourth Amendment and/or due process rights rights via their unreasonable excessive detentions pursuant to the debriefing policy and he is positioned to adequately represent and protect the interests of the class as whole and to serve as the representative plaintiff in this class action because his interests are not antagonistic to those of the class. Further, plaintiff is represented by counsel experienced in civil rights litigation.

35. Defendants FORTUNE and DIMAGGIO's defenses are typical of the class as a whole, and said defendants will fairly and adequately protect the interests of the class, as they are expected to raise common defenses to the claims of all class members herein, namely that the promulgation and enforcement of the debriefing policy did not violate the Constitution. Further, it is anticipated that defendants will be represented by counsel for the City of New York and therefore will be in a position to put forth a unified defense by counsel experienced in civil rights and class action litigation.

## MUNICIPLE LIABILTY ALLEGATIONS

36. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, and the 114th Police Precinct defendants including, without limitation, pursuant to a custom or practice of unlawfully holding individuals who have been issued desk appearance tickets in order that precinct detectives may question said individuals regarding generalized criminal activity unrelated to said individuals underlying arrest.

37. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware of the aforementioned practice and despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff JONATHAN ZARKOWER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. As a result of the foregoing, plaintiff JONATHAN ZARKOWER sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Detention under the Fourth Amendment under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     By its policies and practices described herein, defendants subjected plaintiff and the class members to an unreasonably delayed releases from custody resulting in plaintiff and the class members being subjected to an excessive detention under the Fourth Amendment.

45.     As a result of the foregoing, plaintiff, and the class, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Liberty without Due Process under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     By its policies and practices described herein, defendants deprived plaintiff and the class members of their liberty without due process by causing plaintiff and the class to be detained against their will without a lawful justification.

48.     As a result of the foregoing, plaintiff, and the class, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The supervisory defendants Inspector FORTUNE and JOHN and JANE DOE 1

through 5, personally caused plaintiff and the class members constitutional injuries by being deliberately or consciously indifferent to the rights of others in their promulgation of the unconstitutional debriefing policy and by participating in the policy's enforcement by their subordinate employees.

51. As a result of the foregoing, plaintiff, and the class, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully holding individuals who have been issued desk appearance tickets in order that precinct detectives may debrief said individuals regarding generalized criminal activity unrelated to said individuals underlying arrest. The aforementioned policy, custom or practice was the moving force behind the violation of plaintiff JONATHAN ZARKOWER, and the class member's rights as described herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JONATHAN ZARKOWER, and the class members.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JONATHAN ZARKOWER and the class members as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JONATHAN ZARKOWER and the class members suffered a deprivation of liberty without due process.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JONATHAN ZARKOWER and the class member's constitutional rights.

59. As a result of the foregoing, plaintiff, and the class, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JONATHAN ZARKOWER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  declare the suit is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3);

(B)  full and fair compensatory damages in an amount to be determined by a jury;

(C)  punitive damages against the individual defendants in an amount to be determined by a jury;

(D)  reasonable attorneys' fees and the costs and disbursements of this action; and

(E)  such other and further relief as appears just and proper.

Dated: New York, New York
July 2, 2019

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiff JONATHAN ZARKOWER
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

By: *Brett Klein*
        BRETT H. KLEIN (BK4744)
        LISSA GREEN-STARK (LG7510)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JONATHAN ZARKOWER,

                                        Plaintiff,

                                                                          Docket No.

     -against-

CITY OF NEW YORK, PETER FORTUNE, Individually,
SALVATORE DIMAGGIO, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132