UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JONATHAN ZARKOWER, an individual on behalf of
himself and all others similarly situated,

                                                  Plaintiff,                    No. 19-CV-3843
           -against-                                                           (ARR) (JRC)

CITY OF NEW YORK, PETER FORTUNE, Individually,
SALVATORE DIMAGGIO, Individually, ANDREW CHIN,
Individually, PABLO DEJESUS, Individually, and JOHN and
JANE DOE 1 through 50, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                                Defendants.

-------------------------------------------------------------------------------X

## ORDER CONDITIONALLY CERTIFYING CLASS, APPOINTING CLASS COUNSEL, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPOINTING CLAIMS ADMINISTRATOR, DIRECTING NOTICE TO CLASS MEMBERS, AND SCHEDULING A FAIRNESS HEARING

      WHEREAS, plaintiff, Jonathan Zarkower, and the City of New York (collectively, "the Parties") have reached a proposed settlement;

      WHEREAS, the Parties executed the Stipulation of Settlement and Order on August 23, 2023 (hereinafter the "Stipulation of Settlement");

      WHEREAS, to the extent not defined in this Order, the capitalized terms in this Order refer to and incorporate the defined terms in the proposed Stipulation of Settlement.

      WHEREAS, on November 7, 2023, counsel for plaintiff moved for conditional certification of the proposed settlement; preliminary approval of the Stipulation of Settlement; to appoint Brett H. Klein, Esq., PLLC as Class Counsel; to appoint KCC, LLC (hereinafter "KCC")

as the claims Administrator; and to approve the manner of providing notice to Class Members. ECF Doc. 72;

WHEREAS, defendants do not oppose the motion and upon due consideration of all of the submissions made by Class Counsel, the Court finds that the proposed Stipulation of Settlement is likely to receive final approval pursuant to Federal Rule of Civil Procedure 23(e)(2), that the proposed Settlement Class is likely to be certified for purposes of judgment, and that notifying potential Class Members about the terms and conditions of the proposed Stipulation of Settlement and the date and time of a fairness hearing is warranted; and

WHEREAS, all terms of the proposed Stipulation of Settlement and certification of the proposed Settlement Class remain subject to the Court's final approval;

NOW, THEREFORE, with the agreement of all Parties, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.	Preliminary approval is appropriate where the proposed settlement appears to be the "result of serious, informed, non-collusive ('arm's length') negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies . . . and where the settlement appears to fall within the range of possible approval." *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009).

2.	The Court preliminarily finds that the proposed Stipulation of Settlement is likely to be approved pursuant to Federal Rule of Civil Procedure 23(e)(2) as fair, reasonable, and adequate, and warrants providing notice of the terms of the proposed Stipulation of Settlement to the Settlement Class, and scheduling a Fairness Hearing for further review of the proposed Stipulation of Settlement.

3. In making these findings, the Court has considered a number of factors, including the nature of the Class Representative's and Defendants' respective claims and defenses, the amount of consideration to be paid under the Stipulation of Settlement, the information available to the Parties, whether the Class Representative and Class Counsel have adequately represented the Settlement Class, whether the Stipulation of Settlement was negotiated at arm's length, whether the relief provided to Class Members is adequate, and whether the Stipulation of Settlement treats Class Members equitably relatively to each other.

4. Based on these considerations, the Court preliminarily concludes that (i) the proposed Stipulation of Settlement is within the range of possible approval and that the Stipulation of Settlement resulted from fair, informed, and non-collusive negotiations, conducted at arm's length by the Parties and their counsel, under the supervision of two magistrate judges, and (ii) none of the terms and conditions of the Stipulation of Settlement has any obvious deficiencies or improperly grants preferential treatment to the Class Representative or any Class Member.

5. Given the foregoing, the Court hereby conditionally certifies a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3), pending final approval and order after a final Fairness Hearing, consisting of all persons who were (1) arrested by the New York City Police Department ("NYPD") and detained at the 114th Precinct between November 11, 2013 and June 30, 2021; and (2) issued a Desk Appearance Ticket ("DAT"); and (3) further detained after being issued a DAT; and (4) debriefed during this further detention pursuant to the 114th Police Precinct Debriefing Practice.

6. For purposes of the settlement of this action, and only for such purposes, for preliminary approval only, and subject to the terms of the Stipulation of Settlement, the Court finds

that the requirements of Fed. R. Civ. P. 23 are satisfied with respect to preliminary certification of the Settlement Class, including that:

a. The Settlement Class is ascertainable from Defendants' records and objective criteria;

b. The Settlement Class is sufficiently numerous that joinder of the Class Members would be impractical;

c. Plaintiff's allegations that a single practice of the 114th Precinct, which resulted in the same essential injury to each potential Class Member, sufficiently establish commonality;

d. Plaintiff's allegations that Class Members' claims are linked by a common theory, *i.e.*, because of the 114th Police Precinct Debriefing Practice, aggrieved individuals issued DATs were excessively detained for the purpose of being debriefed, sufficiently establish typicality;

e. A common question of fact and law applies to the claims of each potential plaintiff—whether the 114th Precinct had a debriefing practice as applied to individuals issued DATs which resulted in excessive detentions—such that predominance is satisfied.

f. The class action device is suited here, where the potential Class Members are allegedly aggrieved by a single policy of defendants, and it allows the efficient resolution of the claims or liabilities of many individuals in a single action, which sufficiently establishes superiority;

g. The Class Representative is capable of fairly and adequately protecting the interests of the members of the Settlement Class in that the class representative's interests are aligned with the Class Members' interests;

4

  h. Class Counsel has demonstrated their adequacy, here, both through their extensive experience litigating Section 1983 claims, many of which have involved Fourth Amendment violations, and having ably litigated this class action to date;

  i. The relief proposed in the Stipulation of Settlement is fair, adequate, and equitable;

  j. The costs, risks, and delay of trial, and all other equitable considerations support preliminary approval of this Stipulation of Settlement; and

  k. The proposed Notice procedures are fair, reasonable, and sufficient to provide Notice to the potential Class Members.

7. This certification of the Settlement Class is made for the sole purpose of attempting to consummate settlement of the action in accordance with the proposed Stipulation of Settlement.

8. If this Court or an appellate court does not grant final approval of the proposed Stipulation of Settlement, this class certification shall be deemed void, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this or any other Court.

9. For the sole purpose of this proposed Stipulation of Settlement, the Court hereby certifies Jonathan Zarkower as the Class Representative and appoints Brett H. Klein, Esq., PLLC as Class Counsel.

10. Pursuant to Fed. R. Civ. P. 23(e), a Fairness Hearing will be held on **September 4, 2024** at **10:00 a.m.**, in the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, before Magistrate Judge James R. Cho in **Courtroom 11-D South**, to determine (a) whether this Action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved

as fair, reasonable, and adequate; (c) whether the class action should be dismissed with prejudice under the terms of the Settlement; (d) whether adequate and sufficient notice was given in accordance with this Order; (e) whether the Court should approve a service award payment to the Class Representative; (f) whether the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (g) any other matters relating to the approval and implementation of the Stipulation of Settlement that the Court may deem appropriate.

11. The Court approves of the following schedule for administering the class:

| | | |
|---|---|---|
| i. | Notice Date: | January 8, 2024; |
| ii. | Deadline to Object/Opt Out/Challenge: | March 8, 2024; |
| iii. | Deadline for Claim Form Warning Letter: | May 7, 2024; |
| iv. | Claim Form Deadline: | June 6, 2024; |
| v. | Deadline to Move for Final Approval: | July 26, 2024; |
| vi. | Final Approval Hearing: | September 4, 2024; and |

vii. The deadline to submit proof of identity and W-9 Forms will be 60 days after Final District Court Approval.

12. The Court further approves KCC to serve as the Administrator. The City shall pay the costs of notice and Administration as set forth in the Stipulation of Settlement. The Administrator shall perform tasks enumerated in the Stipulation of Settlement, including but not limited to the following matters: (1) transmit the Notice and Claim Forms, in both English and Spanish, to Class Members; (2) establish the Class Website, and a toll-free phone number where information about the settlement will be available to Class Members and where Class Members can ask and receive responses to questions; (3) publish the Notice by means set forth in the Stipulation of Settlement; (4) review and assess the validity of information in the Claim Forms

6

submitted by Class Members, including verifying the identity of Class Members; (5) arrange for and distribute checks containing payments to Class Members as set forth in the Stipulation of Settlement; (6) create a database of Class Members who have filed timely and valid Claim Forms; (7) create a database of Opt-Outs; (8) provide the Parties with regular bills and a final accounting; and (9) to the extent not listed herein, performing all of the tasks enumerated in the Proposal attached as Exhibit 11 to the Stipulation of Settlement and in the proposed Stipulation of Settlement itself.

13. The Court hereby approves, as to form and content, the Notice Forms, the Notice Summary, the Claim Form, the Opt-Out Form, the Claim Form Deadline Warning, the Automated Telephone Message, the Text Summary, and all of the proposed claims administration terms, conditions, and procedures set forth in the proposed Stipulation of Settlement.

14. The Court finds that the proposed notice forms and procedure and the proposed claims administration terms, conditions, and procedures set forth in the proposed Stipulation of Settlement meet the requirements of due process, Fed. R. Civ. P. 23, the Rules of this Court, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to such notice.

15. The Parties may by written agreement make any amendments to or modifications of the Notice Form, the Notice Summary, the Claim Form, the Opt-Out Form, the Claim Form Deadline Warning, the Automated Telephone Message, or the Text Summary without notice to or approval by the Court so long as such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

16. All Class Members who wish to be excluded from the settlement of this action must submit an Opt-Out Form to the Administrator before the Opt-Out Deadline. Any Class Member

who chooses to Opt-Out in a manner consistent with the procedures set forth in the Stipulation of Settlement by the Opt-Out Deadline shall no longer be a Class Member, shall be barred from participating in the settlement provided for in the proposed Stipulation of Settlement, shall not receive any payment from the City pursuant to the proposed Stipulation of Settlement, shall not be entitled to submit any Objection to the proposed Stipulation of Settlement or to this Order, and shall not be bound by the release provided for in Paragraphs 43 to 46 of the proposed Stipulation of Settlement. Any Class Member who does not Opt-Out by the Opt-Out Deadline shall be deemed to have accepted the settlement and other terms of the proposed Stipulation of Settlement and shall be bound thereby and by any and all subsequent proceedings, orders, and judgments in this action.

17. If the proposed Stipulation of Settlement is approved, any Class Member who has not filed an Opt-Out Form shall be bound by the releases in the proposed Stipulation of Settlement and by all proceedings, orders, and judgments regarding the proposed Stipulation of Settlement that apply to the Settlement Class, whether favorable or unfavorable, even if he/she has pending or subsequently initiates any litigation, arbitration, or other proceeding or has any other Released Claim.

18. At or before the Fairness Hearing, the Parties shall provide to the Court a list of the persons, if any, who have validly and timely requested exclusion from the Settlement Class. Persons requesting exclusion from the Settlement Class shall not be entitled to receive relief provided to the Settlement Class pursuant to the proposed Stipulation of Settlement.

19. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the proposed Stipulation of Settlement including, without limitation, the Class Representative's service award payment and/or Class Counsel's application for attorneys' fees and expenses, may do so by filing an Objection as set forth in the Stipulation of Settlement. However,

a Class Member who requests exclusion from the Settlement Class may not file an Objection regarding the terms of the Stipulation of Settlement.

20. Any attorney hired by a Class Member for the purpose of objecting to the proposed Stipulation of Settlement must serve a notice of appearance on Class Counsel and counsel for Defendants and e-file the notice of appearance using the Court's ECF system. Any such notice of appearance must be filed with the Court on or before the Objection Deadline.

21. Any Class Member who does not submit an Objection in the time and manner provided for in the proposed Stipulation of Settlement and this Order shall be deemed to have waived and forfeited any and all rights they may have to object, and shall be foreclosed from making any Objection to the fairness, reasonableness, or adequacy of the proposed Stipulation of Settlement.

22. It is not necessary for Class Members to attend the Fairness Hearing. However, any Class Member who submits a timely written Objection in accordance with the requirements set forth in the proposed Stipulation of Settlement may appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's own expense.

23. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the proposed Stipulation of Settlement.

Dated: Brooklyn, New York
      December 8, 2023

**SO ORDERED:**

s/ James R. Cho
HONORABLE JAMES R. CHO
United States Magistrate Judge