UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
JONATHAN ZARKOWER, an individual on behalf of
himself and all others similarly situated,

                              Plaintiff,

      -against-

CITY OF NEW YORK, PETER FORTUNE,                 No. 19-CV-3843-JRC
Individually, SALVATORE DIMAGGIO, Individually,
ANDREW CHIN, Individually, PABLO DEJESUS,
Individually, and JOHN and JANE DOE 1 through 50,
Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                             Defendants.
-----------------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

**ORDER FOR FINAL APPROVAL OF THE CLASS, CERTIFICATION OF THE CLASS, APPOINTING CLASS COUNSEL, APPROVING THE REQUESTS FOR THE CLASS REPRESENTATIVE SERVICE AWARD, AND APPROVING AN AWARD OF ATTORNEYS' FEES AND COSTS**

WHEREAS, on August 23, 2023, the parties executed a Stipulation of Settlement and Order (hereinafter "Stipulation of Settlement") and on July 15, 2024, the parties executed an Addendum to the Stipulation of Settlement and Order (hereinafter "Addendum to the Stipulation of Settlement") modifying paragraph 47 of the Stipulation of Settlement. *See* Dkts. 72-2 and 82-2.

WHEREAS, on November 7, 2023, plaintiff moved for preliminary approval of the Stipulation of Settlement and for the appointment of the class representative, class counsel, and an administrator.

WHEREAS, on December 8, 2023 the Court granted plaintiff's preliminary approval motion, found that the requirements of Fed. R. Civ. P. 23 had been met and preliminarily certified the class, approved the Stipulation of Settlement, appointed Jonathan Zarkower as Class

Representative, Brett H. Klein, Esq., PLLC as Class Counsel, appointed KCC Class Action Services, LLC (hereinafter "KCC") as the Claims Administrator, and set a Final Fairness Hearing for September 4, 2024.  Dkt. 77.

WHEREAS, the Court held a Fairness Hearing on September 4, 2024, to determine, among other things, (i) whether this Action should be finally certified as a class action for settlement purposes; (ii) whether the settlement of the class action should be approved as fair, reasonable, and adequate; (iii) whether the class action should be dismissed with prejudice under the terms of the Stipulation of Settlement; (iv) whether the notice to the class was materially consistent with the Court's Preliminary Approval Order; (v) whether the Court should approve a service award payment to the Class Representative; (vi) whether the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (vii) any other matters relating to the approval and implementation of the Stipulation of Settlement that the Court may deem appropriate.

WHEREAS, before the Court is Plaintiff's Motion For Final Approval of the class action settlement, final certification of the Settlement Class, approval of the service award payment to the Class Representative, and approval of the settlement of attorneys' fees and costs to Class Counsel.  Dkt. 81.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, as follows:

1.     To the extent terms are not defined in this Order, the Court adopts and incorporates the definitions in the Stipulation of Settlement for purposes of this Order.

2.     The Court hereby confirms certification of the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3):  All persons who were (1) arrested by the New York City Police Department ("NYPD") and detained at the 114th Precinct between November 11, 2013,

and June 30, 2021; and (2) issued a Desk Appearance Ticket ("DAT"); and (3) further detained after being issued a DAT; and (4) debriefed during this further detention pursuant to the 114th Police Precinct Debriefing Practice.

3. For purposes of the settlement of this Action, and only for such purposes, and subject to the terms of the Stipulation of Settlement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied with respect to final certification of the Settlement Class, including that:

- a. The Settlement Class is ascertainable;
- b. The Settlement Class is sufficiently numerous that joinder of all members would be impractical;
- c. Plaintiff has alleged one or more questions of fact and law that appear to be common to all Settlement Class Members such that predominance is satisfied;
- d. Based on plaintiff's allegations that Defendants engaged in uniform conduct affecting all Settlement Class Members, plaintiff's claims are typical of those of the other members of the Settlement Class;
- e. The class action device is suited here, where the potential Class Members are allegedly aggrieved by a single policy of defendants, and it allows the efficient resolution of the claims or liabilities of many individuals in a single action, which sufficiently establishes superiority;
- f. The Class Representative has fairly and adequately protected the interests of the members of the Settlement Class Members in that the Class Representative's interests are aligned with the Class Members' interests;

      g.    Class Counsel has demonstrated their adequacy, here, both through their extensive experience litigating Section 1983 claims, many of which have involved Fourth Amendment violations, and having adequately represented the Settlement Class to date; and

      h.    The costs, risks, and delay of trial, and all other equitable considerations support final approval of the Stipulation of Settlement.

4.    The Court certifies this Settlement Class for the sole purpose of consummating the settlement of this Action in accordance with the Stipulation of Settlement.

5.    If there is an appeal and an appellate court does not uphold this Court's final approval of the proposed Settlement, this Settlement Class certification shall be void *ab initio*, shall be of no force or effect whatsoever, and shall not be used for any purpose whatsoever, including any further class certification proceedings in this Action.

6.    The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length between the Parties and their counsel and was entered into in good faith. None of the terms and provisions of the Settlement has material deficiencies or improperly grants preferential treatment to any individual Class Members. Accordingly, the proposed Settlement is hereby fully and finally approved as fair, reasonable, and adequate; consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Rules of the Court and any other applicable law; and in the best interest of the Parties and the Class Members. In making these findings, the Court considered the "*Grinnell* factors" among other factors, including:

      a.    the complexity, expense and likely duration of the litigation;

    b.    the reaction of the Class Members to the settlement;

    c.    the stage of the proceedings and the amount of discovery completed;

    d.    the risks of establishing liability;

    e.    the risks of establishing damages;

    f.    the risks of maintaining the class action through the trial;

    g.    the ability of the defendants to withstand a greater judgment;

    h.    the range of reasonableness of the settlement fund in light of the best possible recovery; and

    i.    the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

7.    Solely for the purpose of the proposed Settlement, the Court hereby confirms: (i) its appointment of Brett H. Klein, Esq., PLLC as Class Counsel; (ii) its certification of Jonathan Zarkower as Class Representative; and (iii) its appointment of KCC as the Claims Administrator.

8.    The Court finds that the Notice procedures employed to disseminate notice to the Settlement Class, as provided in the Stipulation of Settlement and previously approved and directed by the Court, have been implemented by the Claims Administrator and the Parties.

9.    The Court finds that such Notice, including the approved forms of notice:

    a.    constituted the best notice practicable under the circumstances;

    b.    included direct individual notice by mail to all Class Members who could be identified through reasonable efforts;

    c.    included a media program and publication in select public bus shelters;

    d.    included phone and text messages to all Class Members who had a telephone ascertainable from the Preliminary Class List;

    e.    constituted notice that was reasonably calculated under the circumstances, to apprise Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment;[1]

    f.    constituted due, adequate and sufficient notice to all persons entitled to notice; and

    g.    met all applicable requirements of Fed. R. Civ. P. 23, due process under the U.S. Constitution, and any other applicable law.

10. Having found the requirements of Fed. R. Civ. P. 23 and the *Grinnell* factors satisfied, and the Notice procedures fair and adequate, the Motion For Final Approval of the class action settlement (Dkt. 81) is hereby GRANTED and the Settlement is APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class. The Parties and Administrator are directed to consummate and implement the Stipulation of Settlement in accordance with its terms, including distributing settlement payments to the Eligible Class Members.

11. Pursuant to Paragraph 47 of the Stipulation of Settlement and Paragraphs 1-3 of the Addendum to the Stipulation of Settlement, the City shall pay each Eligible Class Member Four

---

[1] A list of all persons who submitted timely and valid requests to Opt-Out was provided as Exhibit H to the Declaration of Frank Cordova submitted in support of Plaintiff's Motion for Final Approval. *See* Dkt. 83-8 (also attached hereto).

Thousand Dollars ($4,000) for each eligible Claim submitted. Such payment will be subject to deductions of any liens as described in the Stipulation of Settlement.

12. The Court will permit the inclusion of fourteen late claim forms, which were filed after the Bar Date of June 6, 2024, but on or before August 12, 2024, based on the parties' agreement. One of the late claim forms was submitted on behalf of a Class Member who was arrested twice and who is entitled to payment for each eligible claim under the Addendum to the Stipulation of Settlement, amounting to a total of fifteen late claims. These fifteen late claims shall be included in the Total Class Settlement Amount calculated by the Claims Administrator. Payment of these awards will be consistent with the payments and deductions of other claims, including liens. Other claims received after August 12, 2024, shall be denied as late and shall not be considered or paid.

13. The Claims Administrator has calculated the total awards payout to be $828,000 ("Total Class Settlement Amount"). The City, in consultation with the Claims Administrator, shall make a best good faith estimate of the maximum amount that shall be deducted from any award due to Department of Finance liens and for New York child support liens. If any amount is determined to be owed to the City due to these liens, the Claims Administrator shall return that amount to the City.

14. By the Effective Date of Payment (as defined in the Stipulation of Settlement), the City will deposit or cause to be deposited the Total Class Settlement Amount (defined in Paragraph 13 above) into a bank account created for this purpose by the Claims Administrator. Any funds remaining of the Total Class Settlement Amount after payment of awards and any bank account interest will revert to the City within one year of the Effective Date of Payment.

15. All checks mailed to the Class Members shall bear the notation "VOID IF NOT CASHED WITHIN 180 DAYS AFTER ISSUANCE."

16. The City shall pay the administration costs to KCC through the completion of this matter up to the agreed-upon total amount of $82,255.95. This amount does not include the media costs of $23,250, which the City has already paid.

17. The Court awards Class Counsel attorneys' fees and costs in the amount of $400,000, and awards Class Representative Jonathan Zarkower $17,000 as a service award, with such attorneys' fees, expenses, and service awards to be paid by the City consistent with the applicable provisions of the Stipulation of Settlement. Class Representative and Class Counsel shall execute and deliver to Defendants' Counsel all documents necessary to effect such payment to them, including, without limitation, General Releases and W-9s.

18. The Action is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Stipulation of Settlement, by the Preliminary Approval Order dated December 8, 2023, in this Final Approval Order, or in any other order(s) this Court may issue.

19. In consideration of the benefits provided under the Stipulation of Settlement, Plaintiff, and each member of the Settlement Class who did not Opt-Out of the settlement shall, by operation of this Final Approval Order, forever release all Released Claims against all Released Parties in accordance with Paragraphs 34-35 and 43-46 of the Stipulation of Settlement. The terms of the Stipulation of Settlement, which are incorporated by reference into this Final Approval Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Stipulation of Settlement and/or this Final Approval Order in any other litigation to support a defense or counterclaim based on principles of

*res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

20. Without affecting the finality of this Final Approval Order in any way, this Court retains jurisdiction over (a) implementation of the Stipulation of Settlement and the terms of the Stipulation of Settlement; (b) distribution of the Final Individualized Payment Amount, distribution of Class Counsel attorneys' fees and costs, distribution of the Class Representative's service award; (c) payment to the Claims Administrator, KCC, and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Stipulation of Settlement.

21. The Court will separately enter judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED**

Dated: Brooklyn, New York
       September 24, 2024

s/ James R. Cho  
James R. Cho  
United States Magistrate Judge

# Exhibit H

| ClaimID | FirstName | LastName | Received | Signed | OptOut |
|---|---|---|---|---|---|
| CKZ-100022014 | NICK | NTZELVELS | 0 | 0 | 1/18/2024 |